UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | CASE NUMBER 4:21-CR-00117 |
| | § | |
| TENDAI GURURE | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

By order of the District Court, this matter is referred to the undersigned United States Magistrate Judge for administration of the guilty plea under Rule 11. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). United States v. Bolivar-Munoz, 313 F.3d 253, 255 (5th Cir. 2002).

On May 28, 2021, this case came before the undersigned United States Magistrate Judge for entry of a guilty plea by Defendant, Tendai Gurure, to Count One of the Information. Count One of the Information alleges that on or about the 15th day of January 2018, in the Eastern District of Texas, Defendant Tendai Gurure, a resident of Dallas, Texas, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of U.S. Individual Income Tax Return, Forms 1040, for the taxpayer with initials R.C. and for calendar year 2017. The return was false and fraudulent as to a material matter, in that it represented that the taxpayer was entitled under provisions of the Internal Revenue laws to claim Schedule C deductions for items and in the amount of $1,629.00, whereas, as the defendant then and there knew, the taxpayer was not entitled to claim the Schedule C deduction in the claimed amount, in violation of Title 26, United States Code,

Section 7206(2), all in violation of Title 26 U.S.C. § 7206(2) – Aiding and Assisting in the Preparation and Presentation of a False and Fraudulent Return.

Defendant entered a plea of guilty to Count One of the Information into the record at the hearing. After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the undersigned finds:

    a.    Defendant, after consultation with his attorney, has knowingly, freely, and voluntarily consented to the administration of the guilty plea in this case by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court;

    b.    Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal. Defendant verified that he understood the terms of the plea agreement and acknowledged that it was his signature on the plea agreement. To the extent the plea agreement contains recommendations and requests pursuant to FED. R. CRIM. P. 11 (c)(1)(B), the Court advises Defendant that he has no right to withdraw the plea if the Court does not follow the particular recommendations or requests. To the extent that any or all of the terms of the plea agreement are pursuant to Rule 11(c)(1)(A) or (C), the undersigned advises Defendant that he will have the opportunity to withdraw his plea of guilty should the Court not follow those particular terms of the plea agreement;[1]

---

[1] (3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.

c. Defendant is fully competent and capable of entering an informed plea, Defendant is aware of the nature of the charges and the consequences of the plea, and the plea of guilty is made freely, knowingly, and voluntarily. Upon addressing Defendant personally in open court, the undersigned determines that Defendant's plea is knowing and voluntary and did not result from force, threats, or promises (other than the promises set forth in the plea agreement). See FED. R. CRIM. P. 11(b)(2); and

d. Defendant's knowing and voluntary plea is supported by an independent factual basis establishing each of the essential elements of the offense, and Defendant realizes that his conduct falls within the definition of the crime charged under Title 26 U.S.C. § 7206(2) – Aiding and Assisting in the Preparation and Presentation of a False and Fraudulent Return.

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented a factual basis. See Factual Basis. In support, the Government would prove that Defendant is one and the same person charged in the Information and that the events described in the Information occurred in the Eastern District of Texas. The Government would also have proven, beyond a reasonable doubt, each and every essential element of the offense as alleged in Count One of the Information through the testimony of witnesses, including expert witnesses, and admissible exhibits. In support of Defendant's plea, the undersigned incorporates the proffer of evidence described in detail in the factual basis and stipulation, filed in support of the plea agreement.

---

(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated. FED. R. CRIM. P. 11(c)(3)-(5).

Defendant, Tendai Gurure, agreed with and stipulated to the evidence presented in the factual basis. Counsel for Defendant attested to Defendant's competency and capability to enter an informed plea of guilty. Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely, and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant, which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in Count One of the Information. It is also recommended that the District Court defer acceptance of the plea agreement until after review of the presentence report. Accordingly, it is further recommended that Tendai Gurure be finally adjudged guilty of the charged offense in violation of Title 26 U.S.C. § 7206(2) – Aiding and Assisting in the Preparation and Presentation of a False and Fraudulent Return.

If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. Defendant has the right to allocute before the District Court before imposition of sentence.

Both Parties waived the fourteen (14) day objection period.

**SIGNED this 28th day of May, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE